IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN GLENN THOMAS | § | |
| (TDCJ No. 633145), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-3544-K-BN |
| | § | |
| ROBERT E. BAKER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Allen Glenn Thomas pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Background**

Plaintiff, a Texas prisoner incarcerated at the Texas Department of Criminal Justice ("TDCJ")'s Robertson Unit, in Abilene, Texas, has filed a *pro se* complaint against various employees at the Robertson Unit, alleging that his civil rights have been violated and requesting an injunction and monetary damages. *See* Dkt. No. 3.

While Plaintiff's complaint is difficult to read, and despite his conclusory statement that he "is in fear for his 'LIFE, HEALTH, SAFETY,'" *id.* at 7, it is apparent that Plaintiff's complaint does not include "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

Plaintiff also has submitted a certificate of trust account [Dkt. No. 4], which the Court should liberally construe as a motion for leave to proceed *in forma pauperis.*

Given that Plaintiff has sued employees of the TDCJ's Robertson Unit, located in Jones County, Texas, the more proper venue for this civil rights action is the Abilene Division of the Northern District of Texas. *See* 28 U.S.C. §§ 1391(b) & 124(a)(3). And, where venue is laid "in the wrong division or district," the Court may, "in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (a district court may raise the issue of venue *sua sponte*). But, for the reasons explained below, consideration, here, of this matter under Section 1915(g) better serves the interest of justice than a transfer to Abilene for the same consideration.

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is

"under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff is barred from proceeding *in forma pauperis* as to civil rights complaints. *See Thomas v. Quarterman*, 272 F. App'x 406, 408 (5th Cir. 2008) (per curiam) ("As for his claims of retaliation and Eighth Amendment violations, the district court concluded that any claims of deprivation of civil rights were barred because Thomas had accumulated three strikes under § 1915(g). Thomas does not challenge the district court's conclusion, nor does he address in any substantive fashion the merits of his Eighth Amendment and retaliation claims."); *see also Thomas v. Wakefield*, 37 F. App'x, 2002 WL 971370, at *2 (5th Cir. Apr. 22, 2002) (per curiam) ("The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). Thomas is WARNED that if he accumulates

three strikes he will not be allowed to proceed IFP in any civil action or appeal brought in a United States court while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." (citations omitted)).

Plaintiff's current filing undoubtedly falls under the three-strikes provision. Under Section 1915(g), therefore, Plaintiff may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint, including the conclusory assertion noted above, lacks specific facts to show that Plaintiff is under such a threat as to overcome Section 1915(g). *See, e.g., Morgan v. Fischer*, No. 9:11cv98, 2011 WL 4457667, at *3 (E.D. Tex. July 21, 2011), *rec. adopted*, 2011 WL 4436229 (E.D. Tex. Sept. 23, 2011) ("Morgan has failed to show that he faces a genuine emergency where time is pressing, nor even that he faces any substantial risk of harm at all. His allegations are entirely conclusory, and the courts have routinely held that general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g)." (collected cases omitted)).

Therefore, Plaintiff should be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 6, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE